THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* NELSON WEAVER, Petitioner-Appellant.

First District (2nd Division)   No. 77-989

Opinion filed May 16, 1978.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Petitioner, Nelson Weaver, appeals from a dismissal of his second post-conviction petition without an evidentiary hearing. On appeal, he contends that the record fails to show that his court-appointed counsel for the second petition complied with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 651(c)) which would demonstrate proper representation of his claims. Petitioner requests that this cause be remanded to the trial court with directions to appoint other counsel in order to insure adequate representation.

In 1969, petitioner was convicted of rape, aggravated kidnapping, attempt murder and theft, following a jury trial in the circuit court of Cook County, and substantial penitentiary sentences were imposed. His convictions were affirmed on direct appeal. (*People v. Weaver* (1st Dist. 1972), 8 Ill. App. 3d 299, 290 N.E.2d 691, *appeal denied* (1972), 52 Ill. 2d 596.) Petitioner thereafter sought post-conviction relief. Counsel was appointed, but the post-conviction petition was dismissed. In this court's Rule 23 order (Ill. Rev. Stat. 1975, ch. 110A, par. 23) affirming the dismissal of the petition (No. 61816, filed May 6, 1976), the numerous allegations raised in the petition were examined. Several contentions had already been raised on direct appeal and were *res judicata*. Other issues not raised on direct appeal were deemed to be waived, although this court went on to comment on each issue and concluded the matters were without basis. It should be noted that petitioner was represented by counsel at all stages of the proceedings. Specifically, counsel complied with Supreme Court Rule 651(c) prior to dismissal of the first post-conviction petition.

On January 10, 1977, petitioner filed his second *pro se* post-conviction

petition. In this petition he alleged that his court-appointed counsel was incompetent; that the jury at his trial did not represent a true cross-section of the community; that the jury was "packed"; and that the trial court erred in failing to advise him that he might represent himself at trial rather than having the assistance of counsel. The remainder of the petition generally attempted to explain his claim that the process of calling potential jurors for service which he averred was designed to exclude blacks. Petitioner therefore requested that he be allowed to inspect all records pertaining to the jury selection process for the prior decade.

The trial court appointed counsel to represent petitioner on his second petition. During the subsequent hearing, at which the State's motion to dismiss the petition was granted, petitioner's counsel presented a letter he had written to petitioner, who thereafter wrote to counsel disagreeing with counsel's position and requesting his withdrawal. Neither letter is contained in the record.

It would appear that petitioner was represented at trial by counsel other than the public defender of Cook County. The latter, however, represented petitioner on direct appeal and in the trial court on both post-conviction petitions. The State Appellate Defender has represented petitioner on appeal from dismissals of these petitions.

Petitioner now asserts that the record fails to show he was afforded adequate representation of counsel on his second post-conviction petition as required by Supreme Court Rule 651(c) pertaining to post-conviction proceedings which, in part, states:

"* * * The record filed in * * * [the appellate] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions." (Ill. Rev. Stat. 1977, ch. 110A, par. 651(c).)

The purpose of this requirement is to insure indigents are afforded proper representation in presenting their claim. (*People v. Drew* (1st Dist. 1976), 36 Ill. App. 3d 807, 810, 345 N.E.2d 45.) Petitioner claims the record does not contain any showing that appointed counsel communicated with him to ascertain his grievances, examined the trial record or made any amendments to. his *pro se* petition.

In *People v. Polansky* (1968), 39 Ill. 2d 84, 86, 233 N.E.2d 374, the supreme court stated:

" 'The prior denials of the post-conviction petitions are *res judicata* of all claims raised therein and of all constitutional claims which could have been raised * * *.' (33 Ill. 2d at 248.) This rule is

wholly in accord with the statutory requirement which provides: 'Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.' (Ill. Rev. Stat. 1965, chap. 38, par. 122—3; see also Wyo. Stat. Ann. Title 7, sec. 7—408.3 (1963).) Our ruling in *Holland* [*People v. Holland* (1965), 33 Ill. 2d 246] combined with this statutory command evidences a policy prohibiting the piecemeal invocation of post-conviction remedies, and our research confirms that this type of *res judicata*-waiver principle has been adopted in several other jurisdictions which have considered the question. [Citations.] The continued viability of this rule is essential at a time when court dockets are already overflowing with appeals and other post-conviction actions in criminal cases. Granting a defendant one complete opportunity to show a substantial denial of his constitutional rights fully satisfies the fundamentals of due process, and the State is therefore free to choose this method to regulate the procedure of its courts in accordance with its own concepts of public policy and fairness."

■■ A petitioner might be afforded an additional attempt to secure post-conviction relief. However, the cases allowing such relief either show that the initial post-conviction proceedings were defective thereby possibly not permitting fair consideration of the claims which could be presented (*People ex rel. Walker v. Twomey* (2d Dist. 1973), 9 Ill. App. 3d 544, 547, 291 N.E.2d 833, and cases therein cited) or the development of extraordinary circumstances occurring since consideration of the initial post-conviction petition (compare *People v. Moore* (1975), 60 Ill. 2d 379, 327 N.E.2d 324). Neither situation exists in the present case. Here, the contentions set forth in the second post-conviction petition are mere allegations without any indication of support. The issues could have been raised either on direct appeal or at the first post-conviction proceeding. No claim of incompetence of counsel at the trial level at petitioner's first post-conviction petition has been advanced, nor has petitioner questioned appellate counsel's performance in that proceeding. We therefore believe the second post-conviction petition was not proper, and the failure of the record to clearly show complete compliance with Rule 651(c) is not prejudicial.

■■ In addition, reference was made by appointed counsel's correspondence with petitioner in which the latter obviously expressed his dissatisfaction with counsel's representation. This indicates counsel had consulted petitioner, and suggests counsel's awareness of the status of the matter. While counsel did not amend the second *pro se* petition, there is no obligation for counsel to present frivolous constitutional claims. (*People v. Phelps* (1972), 51 Ill. 2d 35, 38, 280 N.E.2d 203.) We consider counsel's conduct under the circumstances of the case to be proper.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING and BROWN, JJ., concur.