David A. GRAY, Petitioner-Appellant,

v.

James GREER, Respondent-Appellee.

No. 82–2883.

United States Court of Appeals, Seventh Circuit.

Submitted April 3, 1983.

Decided May 25, 1983.

Rehearing Denied Aug. 8, 1983.

David A. Gray, Jr., pro se.

Michael V. Accettura, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before BAUER, WOOD and CUDAHY, Circuit Judges.

PER CURIAM.

Petitioner appeals from the denial of his petition for a writ of habeas corpus. The magistrate dismissed the petition because it contained exhausted and unexhausted claims in the same petition. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Upon a review of the record, we conclude the Illinois post-conviction statute, Ill.Rev.Stat. ch. 38, § 122–1, *et seq.,* does not provide petitioner a meaningful remedy; therefore, he has exhausted his state remedies and we remand the case to the district court for a determination on the merits.

## I. *PROCEDURAL HISTORY*

In order to determine whether petitioner Gray has exhausted his claims in state court, it is necessary to review the procedural history of his case. David Gray was convicted of attempted murder, rape and armed robbery and was sentenced to sixty years in prison. Petitioner appealed his conviction to the Illinois Appellate Court contending that: (1) his guilt was not established beyond a reasonable doubt; (2) statements of petitioner's cellmate improperly were introduced into evidence; (3) the prosecutor improperly and incorrectly explained the concept of reasonable doubt to the jury; and (4) the trial court improperly sentenced petitioner to an extended sentence. The appellate court affirmed the conviction and the Illinois Supreme Court denied leave to appeal.

Petitioner then filed a petition for a writ of habeas corpus in federal district court raising four issues. One issue raised concerned the composition and selection of the jury. Petitioner claimed that blacks were precluded from participation in the jury. The district court found this jury claim had not been exhausted.

Petitioner returned to the Illinois courts and filed a petition for post-conviction relief raising three issues: (1) the prosecutor unlawfully used his peremptory challenges to exclude blacks from the jury; (2) the prosecutor influenced jurors with racial allegations; and (3) the prosecutor improperly used perjured testimony. Petitioner was represented by appointed counsel on his petition for post-conviction relief. The petition for post-conviction relief was denied because petitioner had waived the issue of discriminatory use of peremptory challenges by failing to raise it on direct appeal, and the issue of perjured testimony was res judicata because the petitioner raised the issue on direct appeal and the appellate court rejected it. The court did not rule on petitioner's second claim of improper prosecutorial remarks.

Petitioner appealed the denial of his post-conviction petitioner. Due to the fact that petitioner wished to raise the issue of incompetence of his original appellate counsel in his appeal of the denial of his post-conviction motion, his post-conviction counsel requested leave to withdraw. Post-conviction counsel was from the same agency as the appellate counsel; therefore, a conflict of interest was presented when petitioner challenged the competency of his original appellate counsel. The court appointed another attorney to represent petitioner on his post-conviction appeal. The newly appointed counsel did not raise the issue of ineffective assistance of appellate counsel in the appellate brief. The denial of petitioner's post-conviction motion was affirmed on appeal.

Prior to the Illinois Appellate Court's denial of petitioner's appeal, petitioner filed the present habeas petition in federal district court. Petitioner raises three issues in the present habeas petition: (1) ineffective assistance of counsel on the direct appeal from his conviction; (2) the constitutionality of the jury selection and impanelling process that resulted in the exclusion of blacks from the jury; and (3) denial of his right to appeal from the rejection of his post-conviction motion.[1] Pursuant to the consent of the parties, the case was transferred to a magistrate.

The magistrate denied Gray's habeas petition because it contained both exhausted and unexhausted claims in the same petition. *Rose v. Lundy, supra.* Petitioner appeals the dismissal of his habeas petition.

## II. *DISCUSSION*

A district court cannot grant a writ of habeas corpus unless the petitioner has "exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b). In order to exhaust his state remedies a petitioner must give the state courts the initial opportunity to address his federal constitutional claims. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir.1982). The exhaustion requirement serves to minimize conflicts between state and federal courts. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Perry v. Fairman,* 702 F.2d 119 (7th Cir.1983).

The statute does provide an exception to the exhaustion requirement. A federal district court may entertain a habeas petition if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). The exhaustion requirement of § 2254(b) refers only to state remedies still available to the petitioner at the time he files the federal habeas petition. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783. In addition, the remedy offered by the state must be a meaningful remedy. *Perry v. Fairman, supra* 702 F.2d at 120.

The magistrate denied Gray's habeas petition because it contained both exhausted and unexhausted claims in the same petition. The magistrate noted that petitioner had never presented his claim of ineffective assistance of appellate counsel to the Illinois courts in a post-conviction petition; therefore, his claim was not exhausted. The issue in this case is whether the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, § 122–1, *et seq.,* provides petitioner with a meaningful remedy for his claim of ineffective assistance of appellate counsel.[2]

This court has held that the Illinois Post-Conviction Hearing Act is an "ineffective remedy" in circumstances where the Illinois courts strictly apply the doctrine of res judicata or waiver[3] in post-conviction motions. *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir.1974). An issue raised on direct appeal from a conviction is res judicata in a subsequent Illinois post-conviction petition; an issue which could have been raised on direct appeal, but was not, is waived. *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970). The Illinois courts, however, have developed an exception to this res judicata rule. When funda-

---

1. At the time petitioner filed the present habeas petition, he did not think that he was being represented on appeal from the denial of his post-conviction petition. Respondent's answer to petitioner's habeas petition indicates that, in fact, petitioner was represented on appeal from the denial of his post-conviction petition. Therefore, we need not concern ourselves with this last allegation.

2. Petitioner's other claim concerning the jury selection process, has been presented to the Illinois courts in a post-conviction petition, and,

therefore, is exhausted for purposes of federal habeas review.

3. It would be more appropriate to use the term "forfeiture" because the term "waiver" generally refers to "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The Illinois courts, however, use the term "waiver." We will use the term "waiver" in this discussion.

mental fairness requires that this rule be relaxed, the Illinois courts will reach the merits of a claim. *People v. Hamby,* 32 Ill.2d 291, 205 N.E.2d 456 (1965). The concept of "fundamental fairness" is quite limited and this court has held that a petition should be dismissed for failure to exhaust a claim "only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver doctrine will be relaxed." *United States ex rel. Williams v. Brantley,* 502 F.2d at 1386. A petitioner need not pursue a petition for post-conviction relief in order to exhaust a constitutional claim where there is no direct precedent indicating that the Illinois courts will relax the waiver rule. When there is no such direct precedent, this court finds that there is "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

The magistrate dismissed Gray's habeas petition relying on *United States ex rel. Clauser v. Shadid,* 677 F.2d 591 (7th Cir. 1982). In *Clauser v. Shadid,* the petitioner raised the issue of ineffective assistance of counsel both at trial and on appeal, having been represented by the same attorney at trial and on appeal. This court found direct precedent indicating that the claim of ineffective assistance of appellate counsel was cognizable in an Illinois post-conviction proceeding, and, consequently, petitioner had not exhausted that claim and was required to return to the Illinois courts. *Id.* at 593. *Clauser v. Shadid,* however, differs from the current case in one significant respect: the petitioner in *Clauser v. Shadid* had never filed a post-conviction petition in the Illinois courts, whereas, Gray has already filed one petition.

■ The Illinois courts have developed another waiver rule which is relevant to the present case. If a petitioner could have raised a constitutional issue in a post-conviction petition but did not, the issue is waived as to any subsequent post-conviction petition. *People v. Barber,* 51 Ill.2d 268, 281 N.E.2d 676 (1972); *People v. Lewis,* 2 Ill.2d 328, 330–31, 118 N.E.2d 259 (1954); *People v. Weaver,* 60 Ill.App.3d 510, 17 Ill. Dec. 961, 377 N.E.2d 151 (1978). Although petitioner could not have raised the issue of ineffective assistance of appellate counsel on direct appeal, he could have raised it in his first post-conviction petition. By failing to do so, he has waived the issue for purposes of Illinois post-conviction relief.[4] The Illinois courts do not provide petitioner with a meaningful remedy because there is no indication that the Illinois courts would relax the waiver rule to consider the merits of petitioner's ineffective assistance of appellate counsel claim. Therefore, this court

---

4. In several motions to the district court, petitioner claims that he had attempted to raise the issue of ineffective assistance of appellate counsel throughout the post-conviction proceeding and appeal. He asserts that his counsel for his post-conviction petition raised the issue orally before the trial court (Memorandum of Law, filed June 1, 1982, Original Record on Appeal, # 12). The trial court did not rule on the issue. Petitioner contends that he asked his post-conviction counsel to raise the issue of ineffective appellate counsel on appeal from the denial of his post-conviction petition. The Illinois Appellate Defender's office moved for leave to withdraw due to a potential conflict because that office represented petitioner on direct appeal. The court appointed another attorney who did not raise this issue and petitioner claims that he failed to secure all necessary trial records concerning jury selection in Madison County. Petitioner's contentions, liberally construed, may be asserting a claim of ineffective assistance of post-conviction and post-conviction appellate counsels. In the alternative, he may be trying to assert that the issue was presented to the post-conviction trial court during the proceedings and, therefore, is exhausted. It appears, however, that to effectively raise an issue in a post-conviction petition, it must be included in writing in the petition or amended petition. Ill.Rev.Stat. ch. 38, § 122–3. To be considered on appeal from a denial of a post-conviction petition, an issue must be raised in the petition or amended petition. *People v. French,* 46 Ill.2d 104, 262 N.E.2d 901 (1970), *cert. denied,* 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971); *People v. Clements,* 38 Ill.2d 213, 230 N.E.2d 185 (1967). The implication is that an issue should be in writing. The petitioner's counsel may have alluded to the ineffectiveness of appellate counsel but the counsel did not amend the post-conviction petition, nor did the appellate counsel raise the issue on appeal from the denial of post-conviction relief in an attempt to preserve the issue.

will not require petitioner to return to Illinois courts; the requirements of 28 U.S.C. § 2254(b) have been satisfied. *See Perry v. Fairman, supra; United States ex. rel. Williams v. Brantley, supra.*

■ Petitioner has exhausted his claims as required by 28 U.S.C. § 2254(b) because he no longer has a meaningful remedy in the Illinois courts. The magistrate erred in dismissing petitioner's habeas petition pursuant to *Rose v. Lundy, supra,* because all petitioner's claims have been exhausted.

### III. *CONCLUSION*

For the foregoing reasons, the case is reversed and remanded for consideration on the merits.[5]

---

**5.** We express no opinion as to the merits of Gray's claims but only hold that he has exhausted his claims as required for federal habeas review. However, we add a few comments for consideration by the district court upon remand. Petitioner is attempting to attack the composition of the jury which convicted him, and the method by which it was impanelled. Petitioner did not raise this issue on direct appeal. The record does not indicate whether the issue was raised at trial. If the issue was not raised at trial by a contemporaneous objection, the petitioner may have waived the issue. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1976). In addition, petitioner's failure to raise the issue of the jury composition on direct appeal may also preclude federal habeas review. *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (en banc). However, ineffective appellate counsel may provide the requisite showing of cause which is required to circumvent the waiver provisions of *Spurlark, Wainwright* and *Engle.* A determination that Gray has waived these claims, however, is a determination on the merits, which we leave for the district court on remand.