**Bill WILLIAMS, Petitioner-Appellant,**

**v.**

**Jack R. DUCKWORTH, Warden, and the Indiana Attorney General, Respondents-Appellees.**

**No. 81–2787.**

United States Court of Appeals, Seventh Circuit.

Submitted July 19, 1983.*

Decided Jan. 5, 1984.

Appellant's Rehearing and Rehearing En Banc Denied Feb. 2, 1984.

Appellees' Rehearing and Rehearing En Banc Denied Feb. 27, 1984.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R. App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and the record.

Bill Williams, pro se.

Professor Charles Crutchfield, Univ. of Notre Dame Law School, Notre Dame, Ind., for petitioner-appellant.

Ronald D. Buckler, Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before CUMMINGS, Chief Judge, and PELL and COFFEY, Circuit Judges.

PELL, Circuit Judge.

Petitioner-appellant Bill Williams appeals from the judgment of the district court dismissing his habeas petition.

I.

Williams was convicted in 1977 on charges of rape, sodomy, and incest. The victims were his nine and ten year old daughters and the offenses apparently took place over a period of some two or three years. On direct appeal to the Indiana Supreme Court, petitioner raised a number of issues but only one was addressed by the Court which reversed the conviction and remanded for a new trial because the trial judge had merely handed the jury instruc-

tions to the foreman instead of reading them in open court. *Williams v. State*, 269 Ind. 430, 381 N.E.2d 458 (1978). Petitioner was retried by a jury and was again found guilty on the same charges. He was sentenced in May of 1979 to life on the rape count, 2–14 years on the sodomy count, and 2–21 years for incest. On direct appeal to the Indiana Supreme Court, the conviction was unanimously affirmed. *Williams v. State*, 406 N.E.2d 241 (Ind.1980).

On September 16, 1980 petitioner filed a post-conviction petition pursuant to Post-Conviction Remedy Rule 1, Indiana Rules of Procedure.[1] A hearing was held December 30, 1980 and March 6, 1981, with petitioner represented by the Public Defender, and the petition was denied on March 11, 1981. The judge found that seven of the fourteen issues raised (the only issues that are even arguably meritorious) had been waived for failure to raise them on direct appeal, that there was no basis for relief on three issues, and that petitioner had failed to meet his burden of proof on the remaining four. The record does not indicate an appeal of this determination, although petitioner filed a Motion to Correct Errors, and properly initiated an appeal by filing with the clerk of the trial court a praecipe designating the record on appeal (see Indiana Rules of Appellate Procedure, Rule 2); there is no indication that the appeal was perfected by filing the record on appeal with the Indiana Supreme Court within ninety days of the denial of the Motion to Correct Errors (see Indiana Rules of Appellate Procedure, Rule 3). In his habeas petition Williams asserted that he was denied appeal by the Indiana Public Defender, but this is inconsistent with his letters to the public defender "withdrawing" from their representation. Petitioner also asserted that he didn't appeal the denial of the post-conviction petition because he had already raised the same

---

1. This was actually the third post-conviction petition filed. The first, filed June 18, 1979, was withdrawn upon petitioner's own motion without prejudice to his right to re-file. The second, filed May 7, 1980, was stricken by the court because of the pendency of the direct appeal.

issues on direct appeal to the Indiana Supreme Court after his *first* conviction.[2] On June 29, 1981 petitioner filed the pro se habeas petition, 28 U.S.C. § 2254, that is the subject of this appeal.[3] The district court dismissed the petition for failure to exhaust state remedies, and denied a certificate of probable cause. This court granted the certificate of probable cause, and appointed counsel for the appeal.

## II.

■ The exhaustion requirement of § 2254(b) refers only to remedies still available at the time of the federal habeas petition. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). In addition, any remedy offered by the state must be a meaningful one. *Perry v. Fairman,* 702 F.2d 119 (7th Cir.1983). Claims previously presented to the Indiana Supreme Court are exhausted. Those which could have been raised on direct appeal, but were not, are generally considered waived for purposes of the Indiana post-conviction remedy, see *Greer v. State,* 262 Ind. 622, 321 N.E.2d 842, 844 (1975), so we would not require that petitioner raise those claims on post-conviction, or appeal the denial of those claims on post-conviction, before concluding that he has exhausted state remedies as to those. Issues that could have been raised in an initial post-conviction petition are treated as waived for purposes of succeeding post-conviction petitions. See Indiana Post Conviction Remedy Rule 1, § 8; *Jewell v. State,* 272 Ind. 317, 397 N.E.2d 946, 947 (1979). We would therefore not require petitioner to return to the state courts to litigate an issue raised for the first time on habeas that could have been raised on a prior post-conviction petition. Claims that can still be

presented to the Indiana Supreme Court are not exhausted. Under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the presence of a single unexhausted claim necessitates dismissal of the entire petition.

The district court did not explain which of Williams' many habeas claims were unexhausted. The brief filed by counsel appointed for the appeal is also unhelpful in sorting out these claims. Although the brief was filed prior to *Rose v. Lundy,* there should have been a clear statement as to which claims were exhausted and hence ripe for district court consideration under *Ware v. Gagnon,* 659 F.2d 809 (7th Cir.1981). Instead, counsel variously informs us that appellant raised "numerous" issues on appeal to the Indiana Supreme Court after his first conviction and "certain other" issues on appeal of his second conviction (and that all these issues were hence exhausted even if others were not), that petitioner "has exhausted all available state remedies," and that the status of petitioner's post-conviction petition is "irrelevant." In view of these inconsistencies, we aren't sure we should take the "even if other issues … remain unexhausted" language as an admission that the petition is, in *Rose v. Lundy* terms, "mixed," and so must be dismissed. That course is tempting in view of the complex procedural course of this case. The State in its appellate brief argues generally about the necessity of total exhaustion, but specifically only that petitioner could raise on post-conviction his claim of ineffective assistance of counsel for his direct appeal.

■ Although it is a little hard to categorize the claims in the discursive pro se post-conviction and habeas petitions, it appears

---

**2.** What petitioner raised in his first appeal is irrelevant. The judgment of the Indiana Supreme Court reversed the conviction, and Williams was retried; he remains in custody only as a result of the second conviction. The evidentiary issues raised on the first appeal may well be similar to those petitioner wants to raise now, but they are the proper subject of

this habeas petition only insofar as the evidence was used against him in the second trial.

**3.** A prior § 2254 petition was filed July 19, 1979. It was dismissed for failure to exhaust state remedies; petitioner's conviction upon retrial had not yet been appealed to the Indiana Supreme Court.

that the issues raised (including, interestingly enough, the claim that because there was no search or arrest warrant for the children, their testimony should be suppressed) are substantially the same. The only new item in the habeas petition is the allegation of ineffective assistance of counsel on the direct appeal. This is an issue appropriately raised for the first time on post-conviction, yet only the incompetence of the attorney who represented petitioner at trial was argued in the post-conviction petition. We must consider, then, whether petitioner has nevertheless exhausted state remedies as to the competence of appellate counsel. Because petitioner could well have raised this issue in his post-conviction petition, he is now precluded from raising it on a second post-conviction petition. We therefore conclude that further recourse to the state courts would be futile. Petitioner has exhausted all currently available state remedies.

### III.

▮ The remaining question is whether, by failing to present the issue on post-conviction, or appeal the denial of the post-conviction petition that he did file, petitioner has waived his claim concerning ineffective assistance of counsel on the direct appeal for purposes of a federal habeas petition. In *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983) (en banc), this circuit applied the "cause and prejudice" standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to a state prisoner's failure to raise a claim on direct appeal. We have not previously had occasion to consider, in light of *Spurlark,* whether a state prisoner who fails to pursue on post-conviction an issue that could not have been presented on direct appeal has similarly waived the right to present the issue on habeas absent "cause" for the failure, and "prejudice" resulting thereby. We conclude that under the combination of circumstances presented here, petitioner has indeed waived his right to a federal forum

for his claim of ineffective assistance of counsel on his direct appeal.

Petitioner's initial default was the failure to raise the effectiveness of appellate counsel on the post-conviction petition, and he offers no "cause" for this omission. He is thus asking a federal court to consider a matter that he chose never to present to the state court. Perhaps this was a "deliberate by-pass" of the state court, see *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), in the hopes that the federal forum might be more hospitable to his claim; perhaps petitioner was not seriously troubled by his counsel's performance, and was merely casting about for an additional issue when he drafted his habeas petition. In either case, it would be inappropriate for a federal court to become involved.

This case presents a rather different situation than that in *Gray v. Greer,* 707 F.2d 965 (7th Cir.1983), in which this court similarly concluded that although petitioner did not present his claim concerning ineffective assistance of counsel for the direct appeal on post-conviction, he had exhausted his state remedies; the court, however, remanded for consideration of the merits. Although the problem in *Gray* was discussed in terms of exhaustion, the panel implicitly found that petitioner had not waived his right to bring the federal habeas action. Petitioner had made it very clear that he wanted to raise the question of his appellate counsel on post-conviction. That is why the court appointed substitute post-conviction counsel; initial counsel for the post-conviction proceeding was from the same agency as trial counsel. Inexplicably, the new attorney failed to include this issue in the post-conviction petition, and did not attempt to preserve the issue by raising it on the appeal of the denial of the post-conviction petition. This court expressed serious reservations about the quality of post-conviction representation, and implied that this could amount to "cause" for petitioner's inability to apprise the state courts of his claim. 707 F.2d at 968 n. 4. Further, in

providing guidance to the district court on remand, 707 F.2d at 969 n. 5, the panel explained that a finding of "ineffective appellate counsel may provide the requisite showing of cause which is required by *Spurlark, Wainwright* and *Engle*" as to petitioner's substantive claims concerning racially-based peremptory challenges.

Petitioner Williams also might have obtained relief had he chosen to appeal the denial of his post-conviction petition.[4] It appears that the Indiana Supreme Court is willing to consider the effectiveness of counsel for the direct appeal for the first time on the appeal of a post-conviction petition. See, e.g., *Greer v. State,* 262 Ind. 622, 321 N.E.2d 842, 844 (1975) (incompetence of counsel on the direct appeal not raised in the post-conviction petition itself). "[A] post-conviction petition which attempts to raise issues waived on appeal implicitly alleges incompetent representation on the part of appellate counsel." The *Greer* court went on to consider (although ultimately to reject) the possibility of ineffective assistance of appellate counsel. The Indiana Supreme Court has also held that if appellate counsel is found to be inadequate, the state cannot prevail on the argument that issues not raised on appeal are waived for purposes of post-conviction proceedings. See e.g., *Langley v. State,* 256 Ind. 199, 267 N.E.2d 538 (1971); *Davis v. State,* 164 Ind. App. 331, 328 N.E.2d 768 (1975). Therefore, had petitioner appealed the denial of his post-conviction petition, he might have obtained relief not only on the question of competency of appellate counsel, but on other issues raised on direct appeal as well.[5]

We thus conclude that Williams has failed to establish cause for his failure to raise his competency of appellate counsel issue either in the post-conviction petition or via an appeal of the denial of that petition. In the absence of the "cause" prong of the *Wainwright v. Sykes* waiver test, we need not consider whether Williams was prejudiced by the omission. *Engle v. Isaac,* 456 U.S. at 134 n. 43, 102 S.Ct. at 1575 n. 43; *United States ex rel. Hudson v. Brierton,* 699 F.2d 917, 922 (7th Cir.1983).

The judgment of the district court dismissing the petition is accordingly AFFIRMED, although on the basis of waiver rather than failure to exhaust state remedies.

---

4. Petitioner's explanation, *supra* n. 2, that he failed to appeal the post-conviction denial because he had already raised the issues on the appeal of his first conviction is inapplicable to the question of the effectiveness of counsel for the direct appeal of his second conviction.

5. We emphasize that we do not require a formalistic appeal of every adverse ruling on a post-conviction petition. If it is clear that review would be futile, then state remedies are exhausted for purposes of 28 U.S.C. § 2254(b). See, e.g., *Mattes v. Gagnon,* 700 F.2d 1096, 1098 n. 1 (7th Cir.1983) (state remedies held to be exhausted in the absence of an appeal because post-conviction relief had been denied on the authority of a recent Wisconsin Supreme Court decision squarely upholding the challenged jury instruction).