**UNITED STATES of America ex rel. Joseph REDD, Petitioner,**

v.

**James THIERET, et al., Respondents.**

No. 87 C 2237.

United States District Court, N.D. Illinois, E.D.

Aug. 16, 1988.

---

Ronald Bredemann, Flood, Bredemann & Evans, Park Ridge, Ill., for petitioner.

David E. Bindi, Asst. Atty. Gen., Office of the Illinois Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION

**BRIAN BARNETT DUFF**, District Judge.

Petitioner Joseph Dexter Redd filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 alleging ineffective assistance of counsel and improper sentencing at his Illinois state court trial. Respondent James Thieret, Warden of Maynard Correctional Center, answered the petition on the merits; he did not claim that petitioner had failed to exhaust state remedies because "[t]he claims raised in the petition were presented to and decided by the Illinois Appellate Court on direct appeal, and leave to appeal to the Illinois Supreme Court on direct appeal was denied." Answer to Pet.

Petitioner's ineffective assistance of counsel claim focuses on trial counsel's failure to investigate the possibility of an insanity defense in light of petitioner's past medical records and the circumstances surrounding his crime—a brutal murder in front of numerous witnesses. At a hearing before this court, the court ordered the parties to arrange for a psychiatric evaluation of petitioner for use in determining the adequacy of trial counsel's representation.

Respondent has moved this court to reconsider that order, insisting that, to the extent petitioner's claims will rely on a psychiatric report not presented to the Illinois courts, petitioner has not exhausted state court remedies as required by § 2254(b). In a tone more akin to threat than argument, respondent states that this court must dismiss the case and send petitioner back to Illinois state courts for post-conviction review pursuant to the Illinois Post Conviction Hearing Act, Ill.Rev.Stat. ch. 38, ¶ 122–1 et seq. Otherwise, respondent warns, "there will, in all likelihood, be an appeal . . . and petitioner will never prevail in his efforts to secure a new trial from a federal court. . . ." Respon.Mem. at ¶ 6. Respondent's argument is not only rude, it is also wrong.

## DISCUSSION

Section 2254(b) requires state prisoners to exhaust all available state court remedies before seeking relief in federal court. Petitioner raised his ineffective assistance of counsel claim on direct appeal, so Illinois res judicata doctrine bars him from raising this issue in Illinois post-conviction proceedings *unless* the claim is predicated on facts outside the trial court record. *People v. Lewis*, 105 Ill.2d 226, 85 Ill.Dec. 302, 473 N.E.2d 901 (1984); *see Gray v. Greer*, 707 F.2d 965, 967 (7th Cir.1983); *Perry v. Fairman*, 702 F.2d 119, 122–23 (7th Cir.1983). Since a psychiatric evaluation of petitioner would be a "fact outside the record," respondent contends that petitioner must return with it to state court to see if, given this new evidence, the Illinois courts will grant him relief. Yet, this argument ignores the prior state court proceedings in this case.

The first Issue Presented in petitioner's brief on direct appeal to the Illinois Appellate Court was the following:

Whether defense counsel's failure to conduct any pre-trial investigation into the possibility of an insanity defense deprived defendant of his right to effective assistance of counsel; alternatively, whether the case should be remanded for a hearing on the question of ineffectiveness.

An ineffective assistance claim requires a defendant to show both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The adequacy of counsel's performance is judged on the basis of the facts known to him at the time. *Id.* at 690, 104 S.Ct. at 2066. The appellate court held that petitioner was not entitled to further hearing on his ineffective assistance of counsel claim because, based on the information available to petitioner's attorney when he was preparing for trial, it was not unreasonable for him to have omitted an investigation into a possible insanity defense.

Given this resolution of petitioner's appeal, there is nothing left for him to do in state court. Petitioner's proffer of a psychiatric investigation is relevant, if at all, only to the second prong of the *Strickland* ineffective assistance test—i.e., whether ocunsel's failure to pursue an insanity defense prejudiced petitioner. *See U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir.1987). Since the state appellate court has already ruled that petitioner cannot satisfy the first prong—i.e., deficient performance—an Illinois post-conviction court would never reach the "prejudice" prong.

In this court, as in the state court, the psychiatric evaluation is irrelevant to the "performance" prong of petitioner's ineffective assistance claim. The difference here, however, is that this court is not bound by the state appellate court's conclusion that his counsel's performance was adequate. *Strickland v. Washington*, 466 U.S. 668 at 699, 104 S.Ct. 2052 at 2070 ("a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court"). If this court determines that trial counsel should have investigated the possibility of an insanity defense, then the psychiatric evaluation will become crucial in determining whether the failure to do so prejudiced petitioner's defense.

Thus, respondent's only valid basis for opposing this court's order of a psychiatric evaluation is that it might save time for the court to first determine whether trial counsel's failure to investigate constituted deficient performance, since if the court concludes it did not, then the evaluation will be unnecessary. Yet, this argument has nothing whatever to do with this court's *jurisdiction* to order a psychiatric evaluation at the present time. Surely, this court can determine how it will proceed with a case properly before it, *see id.* at 697, 104 S.Ct. at 2069, and in this case the court has determined that it wants the psychiatric evaluation before it rules on petitioner's ineffective assistance claim. Respondent may not like this decision, but he does have to abide by it.

## CONCLUSION

Respondent's motion to reconsider the appointment of an expert witness is denied.