Lester B. **MASON, Plaintiff,**

v.

Salvador **GODINEZ, Warden, Stateville Corrections, Defendant.**

No. 92–1124.

United States District Court, C.D. Illinois, Peoria Division.

Jan. 5, 1993.

Lester B. Mason, pro se.

Arleen Floren, Asst. Atty. Gen., Springfield, IL, for defendant.

## ORDER

McDADE, District Judge.

On April 20, 1992, Petitioner, Lester B. Mason, filed his Original Petition for a Writ of Habeas Corpus [Doc. # 2, Part I], alleging that he was denied due process because (1) he was not identified as the robber beyond a reasonable doubt; and (2) appellate counsel on direct appeal was constitutionally ineffective for failure to make the appellate court aware of errors in the trial court's finding of facts concerning the Petitioner's Fourth Amendment claims or alternatively, for failure to preserve Petitioner's right to appeal his Fourth Amendment claims to the Illinois Supreme Court. Petitioner alleged that these claims were raised in his post-conviction petition.

On May 28, 1992, the Court reserved ruling on Ground One, ordering Respondents to provide further documentation and dismissed Ground Two for procedural default, indicating that Petitioner had not raised this issue either on direct appeal or in his post-conviction petition and had failed to make a showing of cause for the default and prejudice resulting from the default.[1] [Doc. # 7, Part I]. The Court then gave Petitioner leave to file an Amended Petition to raise the claim he presented on direct appeal, namely, that he was denied his Sixth Amendment right to effective assistance of trial counsel due to the failure of his appointed attorney to seek suppression of crucial physical evidence obtained in an illegal, warrantless search of the Petitioner's residence. Petitioner filed an Amended Complaint on June 15, 1992. [Doc. # 8, Part I].

Now before the Court is Ground I of the Original Petition, alleging that Petitioner was denied due process because he was not identified as the robber beyond a reasonable doubt,[2] and the Amended Petition, alleging that trial counsel was constitutionally ineffective under the Sixth Amendment for failure to suppress evidence allegedly obtained in violation of the Fourth Amendment. After reviewing the record, the Court finds that federal jurisdiction is proper,[3] but the claims are meritless and thus must be dismissed pursuant to 28 U.S.C. § 2254(a).

1. The Court held that Ground Two was procedurally defaulted because Petitioner had failed to present this claim to the Illinois Supreme Court on direct appeal. The Court also found that Petitioner had failed to raise the issue in his post-conviction petition, even though the post-conviction petition did allege an ineffective assistance claim based on appellate counsel's failure to raise evidence that may have shown that Petitioner was not guilty beyond a reasonable doubt.

2. On June 26, 1992, the Court held that Ground I had not been procedurally defaulted, since Respondents failed to provide documentation supporting that position. On July 10, 1992, Respondents filed a Motion to Correct Its Answer (which was granted), stating that Petitioner had not procedurally defaulted Ground I because the claim had been presented to the Illinois Supreme Court for post-conviction review and was denied.

3. Ground I, the identification issue, was presented in the post-conviction petition and the Illinois Supreme Court denied leave to appeal. The Sixth Amendment claim, alleging failure to seek suppression of the illegally obtained physical evidence, was raised on direct appeal and the Illinois Supreme Court denied leave to appeal. This claim is therefore exhausted since Petitioner was barred by *res judicata* from bringing claims in post-conviction proceedings already raised on direct appeal. *Reese v. Peters,* 926 F.2d 668, 671 (1991); *Gray v. Greer,* 800 F.2d 644 (7th Cir.1986); *Gray v. Greer,* 707 F.2d 965, 968 (7th Cir.1983); *Perry v. Fairman,* 702 F.2d 119, 122 (1983).

## GROUND I

■ Ground I of the habeas petition alleges that Petitioner was not identified as the robber beyond a reasonable doubt. Essentially, this claim challenges the sufficiency of the evidence presented against him, but must be dismissed because the evidence contained in the record appears to be sufficient under the standards of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *cited by United States ex. rel. Wandick v. Chrans*, 869 F.2d 1084, 1089 (7th Cir.1989): "The standard to be applied by a federal court on habeas review in assessing the sufficiency of the evidence supporting a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. Generally, courts are to defer to reasonable inferences drawn by the jury and to the weight it gives the evidence and the witnesses' credibility.

Pursuant to 28 U.S.C. § 2254(e), the state court record has been produced. The record demonstrates that two witnesses identified Petitioner as the robber they followed from the scene of the crime,[4] observed disappear into a backyard between several houses in an alley, and saw appear from Mason's home minutes later. (R. 98–100; 108–118). Although neither witness saw Petitioner enter the house (R. 100, 113–117, 128), the circumstantial evidence presented at trial appears to be sufficient to support the jury's verdict of guilty beyond a reasonable doubt. First, the man who disappeared in the alley was a short black man; the man who appeared from a house in the same block minutes later was also a short black man.[5] (R. 101, 118). The record indicates Petitioner had different clothes on than those the robber wore, but was the first black man to emerge from the row of houses being watched. (R. 100). Second, the witnesses' identifications match the descriptions of the robber given by the victims, (R. 54, 68–69, 71, 78, 85, 92)

even if those descriptions were vague because the robber wore an overcoat and a nylon stocking that covered all of his face except one eye. (R. 97, 127–28).

■ In this case, the Court believes that deference to the jury's verdict is warranted. A jury hearing this evidence could have found that the robber who disappeared in the alley was Petitioner, who emerged from his home with new clothes and drove slowly away. Consequently, the jury could have found the witnesses' identification of Petitioner sufficient to support a guilty verdict, even without the physical evidence obtained from Mason's home and admitted against him.

## THE AMENDED PETITION

Petitioner's Amended Petition alleges that his trial counsel was constitutionally ineffective under the Sixth Amendment for failing to seek suppression of crucial physical evidence obtained by a warrantless search of Petitioner's home in violation of the Fourth Amendment. Although Petitioner had a right to effective assistance of counsel in his original trial, *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987), *Prihoda v. McCaughtry*, 910 F.2d 1379, 1386 (7th Cir. 1990), he has not alleged facts which indicate that his trial counsel was ineffective under the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* established a two-part test. First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *See id.* at 687–88, 104 S.Ct. at 2064. The Court's review of counsel's performance must be highly deferential, and it should avoid the temptation to second-guess counsel. *See id.* at 694, 104 S.Ct. at 2068. Second, Petitioner must show that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is

---

**4.** The robber was carrying a knife. (R.98, 110, 127–28).

**5.** The robber and Petitioner were the same build and height.

a probability sufficient to undermine confidence in the outcome." *Id.*

■ Under this standard, trial counsel would be ineffective for failing to seek suppression of illegally obtained evidence only if a reasonable probability exists that the trial court would have granted a motion to suppress the evidence and, consequently, found defendant not guilty. *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).[6] To make that determination, the Court must examine the Fourth Amendment basis for the ineffective assistance claim. *Id.*[7]

Warrantless searches of a home are presumptively unreasonable except where police have probable cause for the search and exigent circumstances justify entry without first obtaining a warrant. *Payton v. New York,* 445 U.S. 573, 586 n. 25, 100 S.Ct. 1371, 1380 n. 25, 63 L.Ed.2d 639 (1980); *Minnesota v. Olson,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990); *Reardon v. Wroan,* 811 F.2d 1025 (7th Cir.1987). Exigent circumstances exist when police enter the home to expedite the arrest of a fleeing felon, to prevent a suspect's escape, or when there is a danger to the police or other persons inside or outside the dwelling because the suspect is armed.[8] *Minnesota v. Olson,* 495 U.S. at 97, 110 S.Ct. at 1688. Once exigent circumstances justify warrantless entry for purposes of either arrest or search, the police may seize evidence even if it is not in plain view.[9] *Id.* at 97, 110 S.Ct. at 1688; *Horton v. California,* 496 U.S. 128, 137 n. 7, 110 S.Ct. 2301, 2308 n. 7, 110 L.Ed.2d 112 (1990).

■ The facts in this case appear to support a finding that exigent circumstances justified warrantless entry into Petitioner's home and seizure of the physical evidence admitted against him. Thus, trial counsel's motion to suppress probably would not have been granted, indicating that trial counsel was not constitutionally ineffective.

The robbery took place at approximately 11:00 a.m., and the police arrived at Petitioner's home approximately ten minutes later. The evidence indicates that the two witnesses told police that (1) the suspect they followed from the scene of the crime disappeared into a backyard near Petitioner's home; and (2) a black man with the same build as the robber came out of Petitioner's house in different clothes and drove away in a car shortly before the police arrived. If the police knew that the man who drove away was the robber, entry into Petitioner's home would have eliminated the exigency and thus been illegal; however, these facts present exigent circumstances which justified the warrantless entry and subsequent seizure of physical evidence: first, police arrived at the scene shortly after the robbery and thus were in "hot pursuit" of a fleeing felon; second, the felon was armed with a knife and dangerous; third, if the police were uncertain as to whether the robber had left the house because the man who drove away wore different clothes, then this doubt would warrant an entry to prevent escape in case the person who left was not the suspect. *Olson,* 495 U.S. at 97, 110 S.Ct. at 1688.

The test for exigency in the Seventh Circuit is whether the police were unreasonable for not obtaining a warrant in the

6. In *Kimmelman,* the Court wrote, "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principle allegation of effectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 375, 106 S.Ct. at 2583.

7. The Court makes clear, however, that it is not reviewing the the Fourth Amendment claim on its own merits; Petitioner has not alleged that the State denied him an opportunity to litigate his Fourth Amendment claim fully and fairly, and thus direct consideration of this claim on habeas review is barred by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

8. Exigent circumstances also exist when there is danger of imminent destruction of physical evidence, *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).

9. The physical evidence seized from Petitioner's home—the knife, coat and nylon stocking— were found behind a closet wall with a hole in it and thus were not in "plain view." (R. 158–59).

circumstances that confronted them. *Reardon*, 811 F.2d 1025, 1029. The Court believes that the trial court probably would have denied a motion to suppress, finding that the warrantless entry and seizure were reasonable. Accordingly, trial counsel's failure to seek suppression of the knife, the coat and the nylon stocking found in Petitioner's home did not, in all probability, change the outcome of Petitioner's trial and will not be construed as ineffective assistance of counsel under the Sixth Amendment. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052.

## CONCLUSION

IT IS THEREFORE ORDERED that Ground I of the Original Petition [Doc. # 2, Part I] and the Amended Petition [Doc. # 8, Part I] be DISMISSED with prejudice pursuant to 28 U.S.C. 2254(a). The Case is TERMINATED.