Ronald L. KELLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8805–CR–462.

Supreme Court of Indiana.

Sept. 20, 1989.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted in a trial before the court without a jury. The court found him guilty of Theft, a Class D felony, and also found that appellant was an habitual offender. He was sentenced to an enhanced term of thirty-four (34) years. However, the court suspended eight (8) of those years, giving a reduced sentence of twenty-six (26) years.

The court found, however, that appellant had been sentenced in Michigan on three separate felony charges and was serving time in Michigan on those charges. He therefore held that appellant's sentence would run consecutively to the Michigan sentences, that he should be returned to Michigan to serve those sentences, and that a detainer be lodged there for his release to Indiana when those sentences were served.

Appellant's sole assignment of error is that his right to trial by jury was not knowingly, intentionally, and voluntarily waived. However, the record shows that on the date set for appellant's trial a panel was assembled for the selection of a jury. During *voir dire* examination, appellant objected to his counsel's refusal to ask certain questions of the prospective jurors. During the colloquy that followed, appellant stated that he wished to proceed without a jury.

The trial court thoroughly examined appellant regarding his waiver of his right to a jury trial. The trial judge told appellant that it was his counsel's choice of strategy not to ask the questions upon which appellant was insisting. He informed appellant of the maximum sentence possible, including the possible enhancement if he were found to be an habitual offender.

He explained to appellant that if they proceeded with the jury trial a panel of impartial jurors would listen to the evidence and determine his guilt or innocence. He pointed out to appellant that even if one member of the jury believed he was not guilty, he would not be found guilty. He apprised appellant that if he waived a trial by jury, the judge, sitting alone, would listen to the evidence and determine his innocence or guilt. He also informed him that his trial on the theft charge and the question of his status as an habitual offender would be tried separately. After each of the above points was explained to appellant, he expressly waived his right to a jury trial and insisted on proceeding to trial before the court.

This record demonstrates that the trial court was very thorough in its interrogation of appellant and in fully informing him of his rights and the consequences of the waiver of those rights. We see no reversible error in this record.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.