Arlene CRUZ, Petitioner–Appellant,

v.

WARDEN OF DWIGHT CORRECTION-
AL CENTER and Neil F. Hartigan, At-
torney General of the State of Illinois,[1]
Respondents–Appellees.

No. 89–1962.

United States Court of Appeals,
Seventh Circuit.

Argued March 6, 1990.

Decided July 16, 1990.

**1.** Respondents assert that the attorney general is not a proper party to this action and ask that the court dismiss him. *See* Rule 2(a) & (b), Rules Governing Section 2254 Cases in the United States District Courts (where applicant is in present custody, petition shall name state officer having custody of petitioner as respondent; where petitioner may be subject to future custody, petition shall name officer having present custody and state attorney general as respondents). Petitioner received a three-year prison sentence and was to surrender to the court on June 21, 1988. She was out on bail when she filed her habeas petition on June 17, 1988. A person out on bail is in custody for purposes of section 2254, *Reimnitz v. State's Attorney,* 761 F.2d 405, 408 (7th Cir.1985); therefore, petitioner was in present custody at the time of filing and should only have named the state officer having custody of her. *See id.* (state's attorney is not proper respondent since he is in no sense custodian of persons whom he prosecutes). Accordingly, the attorney general is dismissed.

Frederick F. Cohn, Chicago, Ill., for petitioner-appellant.

Terence M. Madsen, Michele I. Lavin, Asst. Attys. Gen., Bradley P. Halloran, Office of the Atty. Gen., Chicago, Ill., for respondents-appellees.

Before WOOD, Jr., KANNE, Circuit Judges, and PELL, Senior Circuit Judge.

KANNE, Circuit Judge.

Petitioner-appellant, Arlene Cruz, appeals from the denial of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed her petition for failure to exhaust state remedies. The issue on appeal is whether the district court properly dismissed Cruz's habeas petition on the ground that she did not fairly present her ineffective assistance of counsel claims to the state courts and that a remedy is available under the Illinois Post–Conviction Hearing Act. We affirm the decision of the district court.

## I. PROCEDURAL HISTORY

On July 26, 1985, Cruz was convicted of aggravated battery of a minor child in the Circuit Court of Cook County. Cruz immediately appealed her conviction to the Appellate Court of Illinois contending, *inter alia*,[2] that she was denied the effective assistance of trial counsel when counsel failed:

(1) to call her as a witness at the suppression hearing to establish that her confession had been involuntary; and

(2) to move to quash her arrest as illegal and to suppress her confession as a product of that arrest.

Contemporaneous with her direct criminal appeal, Cruz filed a petition for post-

---

**2.** Cruz also argued in her direct appeal that she was denied procedural due process when the trial court excluded her fiance's testimony as irrelevant at the hearing on the motion to suppress her confession and that her fourth, fifth and fourteenth amendment rights were violated when her confession was admitted into evidence.

conviction relief alleging, *inter alia*,[3] that she was denied the effective assistance of trial counsel when counsel failed:

(1) to call her as a witness at the suppression hearing to establish that her confession had been involuntary; and

(2) to prepare adequately for the suppression hearing or for the trial which caused counsel to fail to move to suppress her confession as having been obtained in violation of the fourth amendment.[4]

The trial court refused to rule on the petition for post-conviction relief pending the outcome of the direct appeal because the petition raised issues similar to those asserted in the direct appeal. The appellate court affirmed her conviction in *People v. Cruz*, 158 Ill.App.3d 1100, 121 Ill.Dec. 541, 525 N.E.2d 599 (1st Dist.1987). Cruz then filed a petition for rehearing in which she argued that she testified solely as a response to the admission of her confession, and consequently that the district court improperly resolved the question of whether her confession had been erroneously admitted by concluding that her testimony was incredible. The court denied her petition for rehearing on August 24, 1987. The Illinois Supreme Court denied her leave to appeal on December 22, 1987, 117 Ill.2d 547, 115 Ill.Dec. 403, 517 N.E.2d 1089, and the United States Supreme Court denied her petition for a writ of certiorari on May 2, 1988. 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 910 (1988). Cruz never pursued the post-conviction petition or sought to have it dismissed after the trial court's initial refusal to hear it.

Cruz then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which is the subject of this appeal. In addition to the ineffective assistance of counsel claims Cruz raised in her direct appeal and post-conviction petition, she asserted in the habeas petition, as she had in the petitions for rehearing and for leave to appeal, that counsel's performance prejudiced her in that she would not have testified at trial had the court suppressed her confession. Respondents moved to dismiss the habeas petition on the ground that Cruz had failed to exhaust state remedies. The district court granted the motion to dismiss on April 19, 1989. The district court concluded that "[d]etermining whether Ms. Cruz's attorney performed deficiently in preparing and conducting the suppression hearing and whether this alleged deficiency prejudiced Ms. Cruz by forcing her to testify to counter the statement she provided to [the] police require an evaluation of the circumstances which preceded the suppression hearing and events which occurred outside the trial. Ms. Cruz therefore could not have raised these issues in her direct appeal. Ms. Cruz therefore may still raise these issues in a state post-conviction petition." Cruz appeals from this decision.

## II. CASE LAW

■ A petition for a writ of habeas corpus must be dismissed if state remedies have not been exhausted as to any one of a petitioner's federal claims. *Castille v. Peoples*, 489 U.S. 346, ——, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). In deciding whether Cruz has exhausted her state remedies, we must consider whether she "fairly presented" her claims to the state courts and whether a meaningful and presently available state remedy exists. *See Varnell v. Young*, 839 F.2d 1245, 1248 (7th Cir. 1988). "A habeas petitioner has ' "fairly presented" a claim to a state court if he has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights.' " *Id.* (quoting *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982)). If a claim has not been fairly

---

**3.** Cruz also alleged in her post-conviction petition that the police seized her without a warrant or probable cause in violation of her fourth amendment rights, interrogated and pressured her into making an incriminating statement which was improperly admitted into evidence.

**4.** Cruz also alleged that counsel was ineffective in failing to make the court aware of her cooperation with the child welfare agencies. Cruz did not renew this allegation in her habeas petition, and thus we need not consider it.

presented, a federal court may nonetheless consider a habeas petition if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). That is, the state remedies must be available to the petitioner at the time he files the federal habeas petition, and the remedy must be a meaningful one in that the outcome is not preordained or otherwise futile. *Gray v. Greer,* 707 F.2d 965, 967 (7th Cir.1983).

## III. DISCUSSION

### A. *Cruz Has Not Fairly Presented Her Ineffective Assistance of Counsel Claims to the State Courts*

■ As a preliminary matter, we note the difference between the ineffective assistance claims as stated in the brief on appeal and the post-conviction petition.[5] The emphasis of claim (2) as presented in the direct appeal is on counsel's failure to make two specific motions at trial, that is, to move to ·quash the arrest as illegal and to move to suppress Cruz's confession as the product of an illegal arrest. The emphasis of claim (2) as presented in the post-conviction petition is on counsel's failure *to prepare for the suppression hearing and to prepare for trial* which caused counsel to fail to move to quash the arrest as illegal and to move to suppress Cruz's confession as the product of an illegal arrest. We do not think that these are equivalent for two reasons. First, claim (2) in the direct appeal addresses only counsel's deficiencies in conducting the trial; whereas, the post-conviction petition also addresses counsel's deficiencies at the suppression hearing. Nor do we think that the failure to prepare for the suppression hearing is subsumed in the statement of claim (1) on direct appeal which solely addresses counsel's failure to take a specific action at the suppression hearing, that is, to call Cruz as a witness. Second, the direct appeal addresses counsel's failure to make specific motions at trial; whereas, the post-convic-

tion petition addresses the failure *to prepare* for trial which caused counsel to fail to make these motions at trial.

■ Given our conclusion that the claims as presented in the direct appeal and the post-conviction petition are not equivalent, the first issue we must consider is whether appending the post-conviction petition to the brief on direct appeal was sufficient to fairly present the failure to prepare claim to the state appellate court. Cruz argues that it was. We disagree.

The opinion of the appellate court does not address the failure to prepare claim, nor could it. The record before the court was not sufficiently developed to enable the court to consider this claim. While the appeal was pending, Cruz did attempt to obtain an evidentiary hearing in the trial court so to develop the record; however, the trial court refused to act until the appellate court ruled. It does not appear that Cruz renewed the request for an evidentiary hearing once the appellate court ruled. Despite Cruz's effort, without the necessary facts on record, we cannot say that the failure to prepare claim was "fairly presented" to the appellate court.

■ Even if, as a general matter, appending the post-conviction petition to the appellate brief would be sufficient to fairly present the failure to prepare claim, it is insufficient here because Cruz's habeas petition contained a claim that she did not present, and could not have presented, in the post-conviction petition since it was filed contemporaneously with her direct appeal. It was not until her petition for rehearing, in reaction to the appellate court's conclusion that her testimony was incredible, that Cruz began to argue that she was prejudiced by counsel's ineffectiveness in that she would not have testified had her confession been suppressed. Cruz contends that her petition for rehearing and appeal to the Illinois Supreme Court provided the state courts with an opportunity to consider her claim that counsel failed to prepare and that she was preju-

---

**5.** We note that claim (1) is the same in both the direct appeal and in the post-conviction petition.

There is no question of exhaustion as to this ineffective assistance claim.

diced by counsel's ineffectiveness. (We will refer to these contentions as Cruz's "expanded" claim.) Thus, we must decide whether the expanded claim was fairly presented by Cruz's petitioning for rehearing or appealing to the Illinois Supreme Court. The appellate court denied the petition for rehearing, and the Illinois Supreme Court denied her leave to appeal. Cruz argues that although "no proper review ever was had on the issue," the state courts had a full opportunity to consider her claim of ineffective assistance of counsel.

Submitting a new claim to a state's highest court on discretionary review does not constitute a fair presentation. *Castille*, 489 U.S. at ——, 109 S.Ct. at 1060. Thus, merely submitting her expanded claim to the Illinois Supreme Court did not constitute a fair presentation. *See People v. Vance*, 76 Ill.2d 171, 183, 28 Ill.Dec. 508, 513, 390 N.E.2d 867, 872 (1979) (denial of leave to appeal is not a decision on the merits); *see also Crump v. Lane*, 807 F.2d 1394, 1396 (7th Cir.1986) (same). Nor would it seem that presenting it to a state appellate court in a petition for rehearing would constitute a fair presentation either. The appellate court denied rehearing in a two-sentence order which would indicate that the court did not undertake to consider the merits which might otherwise support a conclusion that the claim had been fairly presented. *Cf. Smith v. Digmon*, 434 U.S. 332, 333–34, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978); *Wallace v. Duckworth*, 778 F.2d 1215, 1223 (7th Cir.1985).

■ Our analysis thus far has focused on whether the expanded claim had been actually presented to the state courts. However, we must also consider whether the claim *could* have been raised on direct appeal. *Perry v. Fairman*, 702 F.2d 119, 121 (7th Cir.1983). If it could have been raised, Illinois courts would consider the claim waived, and it would be beyond federal habeas review absent a showing of cause and prejudice. As elaborated, petitioner's claim involved allegations of fact outside the trial record, e.g., that counsel failed to prepare for the suppression hearing, did not confer with petitioner until the day

before the hearing and then only briefly, failed to prepare for the trial and was unaware of the conditions of her arrest. Petitioner herself recognized that the trial record did not contain the facts necessary to allow the court to evaluate her ineffective assistance of counsel claim, and consequently she filed the post-conviction petition and appended a copy of it to the brief in her direct criminal appeal. Thus, because the claim involved facts outside the trial record, Cruz could not have presented it on direct appeal, it is not waived, and she may still raise it in a collateral proceeding.

■ The latest version of Cruz's claim in the habeas petition is materially different than that presented to the state courts. The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court which cast her claim in a' significantly different light. *Domaingue v. Butterworth*, 641 F.2d 8, 12 (1st Cir.1981). *Cf. Picard v. Connor*, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (state court must be given opportunity to apply controlling legal principles to facts bearing upon party's constitutional claim). Cruz's allegations that counsel failed to prepare and that she would not have testified had her confession been suppressed are examples of such factual allegations which cast her claim in a significantly different light. Had the confession been suppressed and petitioner not testified, there is a strong likelihood that the result of the trial would have been different. Although petitioner has presented the same legal theory (ineffective assistance of counsel) to the state and federal courts, she has not presented the same facts. Consequently, the state court has not had an opportunity to apply the controlling legal principles to the facts bearing upon Cruz's ineffective assistance claim; therefore, the failure to prepare claim is unexhausted.

B. *A Meaningful and Presently Available State Remedy Exists through Which Petitioner Could Present Her Expanded Ineffective Assistance of Counsel Claims*

■ Even though Cruz's claim is unexhausted, we may nonetheless consider it if

there is no meaningful and presently available state court remedy. Cruz argues that the Illinois Post–Conviction Hearing Act is not an effective remedy in circumstances where the Illinois courts strictly apply the doctrine of res judicata or waiver in post-conviction petitions. Because an issue raised on direct appeal from a conviction is res judicata in a subsequent Illinois post-conviction petition, *United States ex rel. Williams v. Brantley*, 502 F.2d 1383 (7th Cir.1974), Cruz argues that she raised an ineffective assistance of counsel claim in her direct appeal and res judicata would preclude her from asserting additional ineffective assistance of counsel claims in a post-conviction petition. *See Gornick v. Greer*, 819 F.2d 160, 161 (7th Cir.1987) (affirmance of a conviction on appeal acts as res judicata for purposes of a subsequent post-conviction proceeding concerning issues that were raised or could have been raised in that appeal) (citing *People v. Montgomery*, 141 Ill.App.3d 428, 95 Ill.Dec. 733, 735, 490 N.E.2d 206, 208, *cert. denied*, 479 U.S. 866, 107 S.Ct. 224, 93 L.Ed.2d 151 (1986)). Thus, Cruz contends, resort to a post-conviction petition would be futile, and she need not return to state court.

There is precedent indicating that Illinois courts will treat the various alleged errors of counsel as separate and distinct claims. *See Gornick*, 819 F.2d at 161 (citing *People v. Edsall*, 94 Ill.App.3d 469, 49 Ill.Dec. 923, 418 N.E.2d 943 (1981)). Thus, the fact that Cruz has raised other ineffective assistance of counsel contentions on direct appeal, which will be barred by res judicata, does not prevent her from raising the failure to prepare claim which has not yet been presented to the state court. *See id.*

In addition, Cruz overlooks the "fundamental fairness" exception to the res judicata rule which the Illinois courts have developed. The exception is a narrow one, and this court has held that a habeas petition should be dismissed for failure to exhaust "only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the [res judicata or] waiver doctrine will be relaxed." *Brantley*, 502 F.2d at 1386. There is direct precedent indicating that where an ineffec-

tive assistance of counsel claim involves facts that are outside the scope of the trial record, such claim is not readily raised on direct appeal, and the res judicata doctrine will not bar a petitioner from pursuing the claim in a post-conviction proceeding. *See Perry*, 702 F.2d at 122. An ineffective assistance claim alleging that counsel failed to prepare involves facts outside the trial record and presents a situation in which the Illinois courts will not invoke the res judicata or waiver doctrines. *See id.* at 122–23 (collecting Illinois cases); *see also People v. Wright*, 111 Ill.2d 18, 26, 94 Ill. Dec. 726, 730, 488 N.E.2d 973, 977 (1986) (post-conviction petition was proper where challenge to counsel's competency could be substantiated only by evidence not in record before appellate court); *People v. Lee*, 185 Ill.App.3d 420, 427, 133 Ill.Dec. 536, 540, 541 N.E.2d 747, 751 (1989) (although some instances of counsel's ineffectiveness were within trial record and could be reviewed on direct appeal, others were outside record and could be raised in post-conviction petition); *People v. Montgomery*, 141 Ill.App.3d 428, 432, 95 Ill.Dec. 733, 735, 490 N.E.2d 206, 208 (fundamental fairness obligates court to hold hearing on post-conviction petition where substance of allegations regarding counsel's competence do not appear in trial record), *cert. denied*, 479 U.S. 866, 107 S.Ct. 224, 93 L.Ed.2d 151 (1986); *People v. Ford*, 99 Ill.App.3d 973, 976, 55 Ill.Dec. 365, 368, 426 N.E.2d 340, 343 (1981) (same).

While relief is generally available in this context through a post-conviction proceeding, petitioner has already filed one petition for post-conviction relief. The status of this petition is important to our decision. *See Gray*, 707 F.2d at 968 ("If a petitioner could have raised a constitutional issue in a post-conviction petition but did not, the issue is waived as to any subsequent post-conviction petition."). *Cf. United States ex rel. Mitchell v. DeRobertis*, 553 F.Supp. 93, 95–96 (N.D.Ill.1982) (under "fundamental fairness" exception, first post-conviction petition involving narrow ineffective assistance of counsel claim would not bar second post-conviction petition involving expanded

ineffective assistance claim and non-record evidence). During oral argument, the parties indicated that Cruz has not moved to dismiss the petition, and in fact has done nothing since the trial court judge declined to rule on it pending the outcome of the direct appeal. Thus, it appears that Cruz has a meaningful remedy in her pending post-conviction petition. *See Sampson v. Love*, 782 F.2d 53, 58 (6th Cir.) ("[W]here the state's [post-conviction] process is open to interpretation with respect to the availability of relief via that process, the state should be given an opportunity to adopt that interpretation."), *cert. denied*, 479 U.S. 844, 107 S.Ct. 159, 93 L.Ed.2d 98 (1986). We know of no reason why Cruz would be unable to proceed with this petition, e.g., she is barred from proceeding on the petition for failure to prosecute or the petition has been dismissed with prejudice. In addition, it is possible that Cruz would be able to amend her petition to allege that she was prejudiced by counsel's ineffectiveness in that she would not have testified had her confession been suppressed.

We do not believe that requiring Cruz to exhaust her state remedies is an exercise in futility. We are cognizant of the procedural "merry-go-round" upon which some state habeas petitioners have been forced needlessly to ride through the state and federal systems; however, competing with state habeas petitioners' interest in an expeditious resolution of their petitions are the systemic interests in avoiding federal-state conflicts and comity. *See Perry*, 702 F.2d at 120. Expediting a case is as much counsel's responsibility as it is the courts'. To avoid the frustration of having a case dismissed for failure to exhaust state remedies, counsel must take care to present the client's claim consistently before both the state and federal courts. If this is done, the federal courts may hear the case expeditiously and consistent with the principles of federalism and comity. If this is not done, we may not simply overlook the failure to exhaust.[6]

## IV. CONCLUSION

Because Cruz has not exhausted state remedies on her ineffective assistance claim to the extent she alleges that counsel failed to prepare for the suppression hearing and for trial, and because a meaningful state remedy is apparently available, we affirm the district court's dismissal of petitioner's unexhausted claim.

The judgment of the district court is AFFIRMED.

---

**6.** Cruz contends that the state's assertion of res judicata in the state collateral proceedings and its assertion of nonexhaustion in federal court are inconsistent positions. Cruz suggests that it would be a miscarriage of justice to require her to return to state court where, as the state admitted at oral argument that, "we could argue, 'yes, there is a remedy available in the state courts'; then again, we could say conceivably, 'no, there is no remedy,' but that is not for us to decide now." This, Cruz contends, would force her onto the procedural merry-go-round.

The positions the state has taken are not necessarily inconsistent. It was appropriate to seek to suspend decision on the post-conviction petition since any issues which were raised or which could have been raised would be res judicata in the post-conviction hearing. However, because Cruz expanded her ineffective assistance claims in federal court, it was appropriate for the state to argue nonexhaustion. Nor will it be duplicitous for the state to argue res judicata *as to the ineffective assistance claims that were presented on direct appeal* once back in state court.