928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald L. KELLEY, Petitioner/Appellant,
v.
Dick CLARK, Superintendent, Respondent/Appellee.
 No. 90-1959.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 22, 1991.*
Decided March 14, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 90 C 7, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner appeals pro se from the district court's summary dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition.[1] The district court dismissed the petition for failure to exhaust state remedies. We affirm, holding that Kelley failed to exhaust state court remedies on all of his claims as required by 28 U.S.C. Sec. 2254(b). See Castille v. Peoples, 489 U.S. 346 (1989) (citing, Rose v. Lundy, 455 U.S. 509 (1982)).
 
 
 2
 The petitioner was convicted of theft after a bench trial in the Indiana trial court. After adjudging the petitioner to be a habitual offender, the court sentenced him to a prison term of 34 years. Represented by appointed counsel, the petitioner appealed his conviction directly to the Indiana Supreme Court raising only one issue, whether the petitioner's waiver of his right to a jury trial was voluntary.
 
 
 3
 During the pendency of petitioner's direct appeal, he attempted to file in the state trial court a pro se "Motion to Correct Erroneous Sentence Based on Evidence Outside the Record," which raised the issue of ineffective assistance of both trial and appellate counsel. By minute order the trial court refused the filing, noting that it lacked jurisdiction to entertain the motion while petitioner's direct appeal was pending before the Indiana Supreme Court. Petitioner then filed a "Petition for Emergency Writ of Mandamus" in the Indiana Supreme Court, seeking to compel the trial court to hear the motion. The Indiana Supreme Court denied the petition, holding that the trial court's ruling that it lacked jurisdiction during the pendency of petitioner's direct appeal was correct. The court did not address the merits of the petition.
 
 
 4
 Petitioner next filed in the Indiana Supreme Court a pro se "Verified Application for Leave to File Motion for Emergency Post-conviction Relief While Judgment is on Direct Appeal Based on Newly Discovered Evidence."[2] The application contained petitioner's claim that he received ineffective assistance of both trial and appellate counsel. The Indiana Supreme Court denied the application holding that the petitioner failed to satisfy the requirements set forth in Davis v. State, 368 N.E.2d 1149 (Ind.1977) (establishing the Indiana rule permitting a defendant to raise new issues while an appeal is still pending).
 
 
 5
 After denying petitioner leave to amend his brief, the Indiana Supreme Court issued an opinion affirming petitioner's conviction and sentence. Kelley v. State, 543 N.E.2d 638 (Ind.1989). In affirming the conviction and sentence the court only addressed the one issue (whether the petitioner voluntarily waived a jury trial) raised on direct appeal. Petitioner now raises eight issues in his Sec. 2254 petition.
 
 
 6
 We consider the majority of petitioner's claims exhausted because the petitioner would not be able to obtain Indiana post-conviction review of these claims for the reason that he failed to raise them on direct appeal. See Williams v. Duckworth, 724 F.2d 1439 (7th Cir.1984) (claims "which could have been raised on direct appeal, but were not, are generally considered waived for purposes of Indiana post-conviction remedy"). However, it is axiomatic that the petition must be dismissed if any one of the federal claims presented has not yet been presented for review to the state court. Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 667 (7th Cir.1990). Claims are considered exhausted after they have been fairly presented to the highest state court for review on the merits, or when state remedies no longer are available to the petitioner. United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990).
 
 
 7
 In this case, it appears that although the petitioner unsuccessfully attempted to obtain Indiana Supreme Court review of his ineffective assistance of appellate counsel claim during the pendency of his direct appeal, he never sought state post-conviction relief of this claim. Thus, we must decide whether any of petitioner's prior motions raising ineffective assistance of counsel constituted a fair opportunity for the state court to consider this claim. Petitioner failed to follow proper procedure when he attempted to obtain review of the ineffective assistance of counsel claim while his appeal was still pending. Davis, 368 N.E.2d at 1150. Additionally, the Indiana Supreme Court's ruling that the trial court lacked jurisdiction did not constitute review of the merits of the claim. Thus, we hold that the Indiana Supreme Court did not receive a fair opportunity to review the ineffective assistance of counsel issue. Here, the petitioner failed to follow correct procedure in presenting the issue to the court, thus it was not obligated to consider the issue on the merits. Wallace v. Duckworth, 778 F.2d 1215, 1223 (7th Cir.1985).
 
 
 8
 Petitioner also attempted to obtain review of the ineffective assistance of counsel claim by presenting it to the Indiana Supreme Court for review under the Davis rule, which gives a defendant the opportunity to raise new issues while an appeal is pending. The Indiana Supreme Court decided that petitioner failed to satisfy the requirements set forth in Davis, 388 N.E.2d at 1150. We have recently held that presenting a new claim to a state's highest court on discretionary review does not amount to a fair presentation. Cruz, 907 F.2d at 669. Thus, merely submitting the claim to the Indiana Supreme Court under Davis did not constitute fair presentation. Id.
 
 
 9
 Even if Kelley's claim is unexhausted, we may still consider it if no real or meaningful remedy exists. Cruz, 907 F.2d at 668. The state contends that Kelley should have waited until his appeal was complete and then filed a motion under Indiana Post-Conviction Remedy (P.C.R.) Rule I. Kelley argues, without support, that it would be futile for him to be required to exhaust his state court remedies. We disagree.
 
 
 10
 P.C.R. Rule I allows a defendant to raise issues not raised in his original appeal unless the claim was previously adjudicated on the merits or was available at the time of adjudication. See Moore v. Duckworth, 581 F.2d 639, 643 (7th Cir.1978) (examining Indiana post-conviction law). Kelley never received an adjudication on the merits of his ineffective assistance of appellate counsel claim. Moreover, the issue of ineffective assistance of appellate counsel was not known or available to Kelley at the time of his trial or direct appeal, thus his failure to raise the issue on direct appeal does not constitute a waiver precluding post-conviction review. Finally, Kelley's claim is not time barred as there is no time limit for filing a P.C.R. Rule I motion. Haynes v. State, 436 N.E.2d 874, 875 (Ind.1982).
 
 
 11
 For the reasons explained above, Kelley failed to exhaust his state remedies on all of his federal claims. Accordingly, the district court's order dismissing the petition is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The petitioner has also filed a motion for appointment of counsel. Considering our disposition in this case and the factors set forth in Maclin v. Freake, 650 F.2d 885, 888-89 (7th Cir.1981), appointment on counsel is not warranted in this appeal
 
 
 [2]
 Petitioner also attempted to file a Sec. 2254 petition for a writ of habeas corpus while his direct appeal was pending which the district court dismissed for failure to exhaust