932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel C. KYLE, Petitioner/Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents/Appellees.
 No. 90-3155.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided May 9, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Daniel C. Kyle appeals pro se from the denial of his petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court dismissed the petition for failure to exhaust. We conclude that no meaningful state court remedies are presently available to Kyle and remand for further proceedings.
 
 
 2
 Kyle was convicted of two counts of robbery in the Superior Court of Indiana. Kyle appealed his conviction challenging only the sufficiency of the evidence and the trial court's refusal to grant him a new trial. On April 15, 1989, the Indiana Appellate Court affirmed Kyle's conviction in an unpublished order. Kyle filed a petition for rehearing raising, for the first time, the issue of whether his robbery convictions were obtained through the use of an "irreparable misidentification due to a suggestive police show up,"[1] which the appellate court denied on February 6, 1990. On April 19, the Indiana Supreme court denied Kyle's petition for review, which also raised the issue of a suggestive police show-up. Kyle then filed a petition for habeas corpus in the federal district court challenging the police show-up.
 
 
 3
 In order to obtain review of his habeas petition, Kyle must first exhaust his available state remedies. Castille v. Peoples, 489 U.S. 346, 349-350 (1989); Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 667 (7th Cir.1990). Claims are considered exhausted after they have been presented to the highest state court for review on the merits, or when state remedies no longer are available to the petitioner. United States ex. rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990). Even if Kyle failed to exhaust his state court remedies, we can still consider his claim to be exhausted if no real or meaningful state court remedy exists. See Reese v. Peters, No. 89-2083, slip op. at 6 (7th Cir. Feb 28, 1991) (petitioner's claim considered exhausted when his failure to present the claim on direct appeal barred him from raising the claim in an Illinois collateral proceeding); Cruz, 907 F.2d at 669-70.
 
 
 4
 Kyle argues that his petition for rehearing to the Indiana Appellate Court and his petition for review to the Indiana Supreme Court provided the state courts the opportunity to review his claim. The government counters that Kyle did not fairly present his claim to the Indiana courts because his petitions did not sufficiently present facts and argument to support his claim. Whether or not Kyle's petitions adequately raised his claim is irrelevant in this case, because "[s]ubmitting a new claim to the state's highest court on discretionary review does not constitute fair presentation." Id. at 669 (citing, Castille, 489 U.S. 351-52). Kyle raised his claim for the first time on discretionary review, thus his petitions did not constitute fair presentation of the suggestive show-up issue.
 
 
 5
 Nevertheless, we consider Kyle's claim to be exhausted. Kyle's failure to raise the claim on direct appeal constituted a default. Claims "which could have been raised on direct appeal, but were not, are generally considered waived for purposes of Indiana post-conviction remedy." Williams v. Duckworth, 724 F.2d 1439, 1441 (7th Cir.), cert. denied, 469 U.S. 841 (1984). See also Morrison v. Duckworth, 898 F.2d 1298, 1299 (7th Cir.1990) (Indiana petitioner exhausted his state court remedies by failing to raise his claim on direct appeal). There is nothing to suggest that the suggestive show up claim was not known or available to Kyle at the time he appealed his conviction. See Indiana Post Conviction Remedy Rule 1; Moore v. Duckworth, 581 F.2d 639, 643 (7th Cir.1978) (examining the availability of Indiana post-conviction review of defaulted claims). Thus, Kyle's default caused his claim to be exhausted.
 
 
 6
 Although we find that Kyle's claim is exhausted, we do not reach the merits of his claim. Kyle exhausted his claim by defaulting on it, thus, he may obtain federal review of his claim only by establishing "cause" for the default and "prejudice" as a result. Teague v. Lane, 489 U.S. 288, 298 (1989); Reese, No. 89-2083, slip op. at 7. Because the district court dismissed Kyle's petition for failure to exhaust, the parties never addressed the "cause" and "prejudice" issue. Therefore, we vacate the district court's order and remand for a determination on "cause" and "prejudice". See Morrison v. Duckworth, 898 F.2d at 1299 (court remanded (in an earlier unpublished order) the case for a determination of "cause" and "prejudice" because the district court, in erroneously dismissing the petition for failure to exhaust, never reached the issue). Cf. Reese, No. 89-2083, slip op. at 7 (this court addressed the issue of "cause" and "prejudice" because parties briefed the issue on appeal).
 
 
 7
 VACATE AND REMAND.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Kyle's habeas petition states that his "convictions were obtained by the result of [sic] irreparable misidentification due to an [sic] suggestive police show up that was suppressed prior to trial." Additionally, in his brief, Kyle suggests that the allegedly suggestive police show up was informally suppressed before trial (Petitioner's Br. p. 12). If the "show up" was in fact suppressed prior to trial, then it appears that Kyle has no constitutional claim. In its brief, the state does not argue that the petitioner lacks a constitutional claim
 The state court record is not a part of the record on appeal. Nor was it before the district court. Moreover, it is unclear from the parties' briefs what the state's witnesses testified to at trial. Thus, we review the only issue argued by the parties on appeal--whether the petitioner exhausted his state court remedies.