48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald Leroy KELLEY, Petitioner-Appellant,
v.
Bob FARLEY, and Indiana Attorney General, Respondents-Appellees.
 No. 93-2105.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Ronald Leroy Kelley, an inmate at the Indiana State Prison, filed a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254, on the basis that the judge pro tempore who presided at trial was not authorized to hear the case when the regular judge of the court was present. The district court denied the petition, and Kelley appeals.
 
 
 2
 In 1987, Kelley was convicted of theft after a bench trial at which a court commissioner presided as judge pro tempore.[2] The judge pro tempore then sentenced Kelley to 4 years' imprisonment, and the sentence was enhanced an additional 30 years based on a finding of habitual offender: 8 years of the sentence was suspended. (Kelley went through several public defenders prior to trial and was granted a motion to represent himself with standby counsel at trial.) At trial, several objections were made to the use of the pro tempore judge.[3] After trial, counsel filed a motion to correct errors, raising 18 issues. On direct appeal to the Indiana Supreme Court, counsel included only one issue, whether Kelley had waived his right to a jury trial.
 
 
 3
 While the direct appeal was pending before the Indiana Supreme Court, Kelley filed a pro se "petition for emergency writ of mandamus" in that court, raising the issue of ineffective assistance of counsel. The court denied the petition. Kelley then filed an application for leave to file a motion for emergency post-conviction relief based on newly discovered evidence. The court denied that motion. Kelley approached the court again, this time filing a pro se petition to amend the appellate brief, raising for the first time the issue of the judge pro tempore's authority to preside over the habitual offender hearing. The Indiana Supreme Court denied the petition. In a separate opinion, the court affirmed the conviction and sentence. Kelley v. State, 543 N.E.2d 638 (Ind.1989), addressing the single issue of whether Kelley waived his right to a trial by jury.[4] Two-and-a-half years later, Kelley filed a petition for emergency writ in the Indiana Supreme Court, again raising the issue of the court commissioner's authority to try and sentence him. The petition was dismissed for failure to comply with various requirements for filing an original action in that court.
 
 
 4
 Kelley alleges that the judge pro tempore did not have the authority to preside at trial and at sentencing. This is an allegation regarding a violation of Indiana law. Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Absent a claim involving the "Constitution, laws, or treaties of the United States," Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 480 (1991), we cannot consider an argument regarding the violation of Indiana's law regarding the authority of a judge pro tempore.[5]
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 In Indiana, a court commissioner may preside at trial or hearing when appointed at judge pro tempore by any active judge sitting on that court. Indiana Rule of Trial Practice 63
 
 
 [3]
 At the beginning of trial, counsel objected to proceeding without a regular judge, but admitted he had no cause for the request. (R.182) After Kelley decided to waive his right to trial by jury and potential jurors were excused, counsel renewed the motion to disqualify the Commissioner, because of how he handled the extradition hearing. (R. 165-73) The motion was denied. (R 190-99) The post-trial motion to correct errors filed by counsel included an allegation that it was error to deny defendant's objection to the judge pro tempore and the motion to disqualify. (R. 160-62). That motion was also denied
 
 
 [4]
 While the direct appeal was pending, Kelley twice sought habeas relief in the federal court. Both petitions were dismissed for failure to exhaust state remedies. Only the second petition raised the issue of the authority of the state commissioner to preside at trial and sentencing. In an unpublished order, this court affirmed the dismissal of that petition. Kelley v. Clark, No. 90-1959 (7th Cir. March 14, 1991)
 
 
 [5]
 We note that the Indiana Supreme Court recently upheld the authority of a judge pro tempore to enter final orders, and set out how reviewing courts should handle challenges to such authority. Floyd v. State of Indiana, Nos. 49S02-9412-PC 1283, et al., slip op., 1994 WL 725522, (Ind. Dec. 30, 1994), 1994 Ind. LEXIS 217