89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald L. KELLEY-EL, Petitioner-Appellant,
v.
Al C. PARKE, Pamela Carter and Indiana Department of
Corrections. Respondents-Appellees.
 No. 95-2561, 95-2621.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1996.*
Decided June 25, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Ronald Kelley-El appeals from the dismissal of his second petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court dismissed Kelley-El's second petition as an abuse of the writ.
 
 
 2
 Kelley-El was convicted of theft after a bench trial in Indiana state court before a court commissioner presiding as judge pro tempore. Kelley-El was sentenced to 4 years' imprisonment plus an additional 30 years based on a finding that he was an habitual offender. Eight years of the sentence were suspended. On direct appeal to the Indiana Supreme Court, Kelley-El raised only the issue of whether he had knowingly waived his right to a jury trial. The Indiana Supreme Court affirmed Kelley's conviction and sentence. Kelley v. State, 543 N.E.2d 638 (Ind.1989).
 
 
 3
 Kelley-El then filed a petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254.[1] He sought relief arguing that the judge pro tempore was not authorized to hear his case. The district court denied the petition, and Kelley-El appealed. We affirmed on the ground that Kelley-El's petition was based on an alleged violation of Indiana law and that federal habeas corpus relief does not lie for errors of state law. Kelley v. Farley, No. 93-2105 (7th Cir. Mar. 6, 1995) (unpublished order).
 
 
 4
 While Kelley-El's appeal of the denial of his first habeas petition was pending in this court, he filed another petition for a writ of habeas corpus in the district court. In that petition, Kelley-El claimed that the "Indiana courts are engaged in an ongoing conspiracy" to keep him in "judicial slavery" through the use of "kangaroo courts." In particular, he alleged that his "underlying conviction was obtained in clear absence of all [subject matter] jurisdiction." The state responded by arguing abuse of the writ and failure to establish cause and prejudice. Kelley-El replied that he had cause for failing to raise the jurisdictional issue in his first petition because (1) he had not received a copy of the state trial record, and (2) he had been denied both legal materials and legal assistance.
 
 
 5
 The district court agreed with the state that Kelley-El's petition was an abuse of the writ. The court rejected Kelley-El's claim that he had good cause for failing to raise the jurisdictional issue in his first petition. The court reasoned that "Petitioner has failed to provide this court with an explanation of why he had insufficient access to present these claims when he had sufficient access to legal materials to present the other claim which was rejected by this court in [the first habeas petition]." R.Doc. 30, at 5.
 
 
 6
 After concluding that Kelley-El's claims were procedurally barred, the court went on to note that Kelley-El's underlying claims were without merit. Kelley-El had argued that the Indiana court lacked subject matter jurisdiction because the automobile theft occurred in Illinois, not Indiana. The district court reasoned that, according to Indiana law, whether the automobile was taken in Illinois did not matter because the statute under which he was charged prohibited the unauthorized driving or possession of a motor vehicle. The district court dismissed Kelley-El's second petition, and Kelley-El now appeals.
 
 
 7
 On appeal, Kelley-El again raises his claim that the Indiana courts lacked subject matter jurisdiction to try him because the stolen vehicle that he was caught driving was stolen in Illinois. He again attempts to establish cause and prejudice, citing his pro se status and the fact that he did not have access to the state court record. In addition, he argues that he is actually innocent of the crime of theft, thus overcoming his procedural default.
 
 
 8
 As for Kelley-El's procedural default, we reject his suggestion that his pro se status constitutes good cause for failing to raise the subject matter jurisdiction issue earlier. See Barksdale v. Lane, 957 F.2d 379, 384-86 (7th Cir.) (holding that no less stringent definition of cause applies for pro se litigants), cert. denied, 506 U.S. 890 (1992). Moreover, Kelley-El has failed to explain adequately how the absence of the state court record prevented him from raising the jurisdictional argument. He seems to suggest that, without the state court record, his jailhouse lawyer had no evidence from which to ascertain the facts underlying the subject matter jurisdiction issue. This argument fails because, on habeas review, Kelley-El was not entitled to counsel (jailhouse or otherwise), much less fully-informed counsel. The record reveals that Kelley-El himself had all the information he needed to form the basis of his jurisdictional argument: testimony at Kelley-El's trial revealed that the vehicle had been stolen in Illinois and that Kelley-El had been apprehended driving the vehicle in Indiana. Kelley-El's jurisdictional argument relies on no additional facts. Because Kelley-El was aware of the facts underlying his jurisdictional claim at the time of his trial, any subsequent lack of access to the state court record does not constitute cause for failing to raise the jurisdictional issue earlier.
 
 
 9
 In addition, Kelley-El attempts to overcome his procedural default by arguing that he is innocent of the crime of theft because the Indiana courts lacked jurisdiction to try him because the vehicle was stolen in Illinois. This is a claim that he is legally innocent of the crime and as such cannot overcome his procedural default. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). To the extent that Kelley-El also contends that he never actually possessed the stolen vehicle, he points to no new facts to support any such claim. Accordingly, this claim also fails to overcome his procedural default. Schlup v. Delo, 115 S.Ct. 851, 867 (1995); Whitlock v. Godinez, 51 F.3d 59, 63-64 (7th Cir.), cert. denied, 116 S.Ct. 150 (1995).
 
 
 10
 Moreover, like the district court, we believe that even if Kelley-El were to overcome his procedural default in some way, his claim fails on the merits. As the district court pointed out, the Indiana statute under which he was convicted prohibits the driving or possession of a stolen vehicle. Kelley-El does not dispute that he was arrested in Gary, Indiana, after being caught driving a stolen vehicle. Under the terms of the statute, it does not matter whether the vehicle was stolen in Indiana or some other state. Kelley-El does not argue that this feature of the statute renders the statute unconstitutional. Accordingly, Kelley-El's constitutional rights were not violated when he was convicted for driving a car that had been stolen in Illinois.
 
 
 11
 We now turn to several miscellaneous issues. Kelley-El argues on appeal that the information under which he was charged was defective. He also argues that the court commissioner who presided at his trial was at the same time serving as a deputy prosecutor for Lake County, Indiana. Because he raises these issues for the first time in his reply brief, they are forfeited. Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992); Fed.R.App.P. 28(a)(6); Cir.R. 28(f). Next, to the extent that Kelley-El challenges the procedures by which the judge pro tempore was appointed to preside at his trial, see App.Br. 15, that issue cannot serve as a basis for federal habeas relief because it is a matter of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Finally, Kelley-El raises several claims with respect to the late and incomplete filing in the district court of records from various state court proceedings. However, Kelley-El fails to explain how these records would have altered our conclusion that his subject matter jurisdiction claim is without merit.
 
 AFFIRMED.[2]
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This was actually his third habeas petition, but it was the first disposed of on the merits. The first two were dismissed for failure to exhaust state remedies. See Kelley v. Farley, No. 93-2105, at 2 n. 4 (7th Cir. Mar. 6, 1995) (unpublished order)
 
 
 [2]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. Title I of this Act significantly curtails the scope of collateral review of convictions and sentences. We need not decide to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, or what effect those amendments have if they apply, because, even under the more expansive scope of review permitted prior to the Act, Kelley-El is not entitled to relief