99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ferdinand WALTERS, Petitioner-Appellant,
v.
Gerald A. BERGE,* Respondent-Appellee.
 No. 96-1751.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 8, 1996.**
Decided Oct. 17, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Serving a sentence of nine years' incarceration in Wisconsin for selling cocaine, Ferdinand Walters seeks a writ of habeas corpus under 28 U.S.C. § 2254, and he appeals from the district court's order denying his petition. He contends that his trial attorney, Stanley Woodard, furnished constitutionally deficient assistance. He also contends that attorney Willie J. Nunnery was ineffective for filing a premature post-conviction motion. This latter contention is untenable under § 2254(i): "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Section 2254(i) was added by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, which applies to pending cases. Lindh v. Murphy, No. 95-3608 (7th Cir. Sept. 12, 1996) (en banc). We therefore limit our attention to Walters's arguments concerning Woodard.
 
 
 2
 To demonstrate ineffective assistance of trial counsel, a petitioner must establish not only that counsel's performance fell below an objective standard of competence but also that prejudice ensued. Strickland v. Washington, 466 U.S. 668 (1984). Like the district court, we assume that Woodard fell short of professional standards by failing to interview certain potential witnesses. But to show prejudice the petitioner must establish what evidence these persons would have given, had they been interviewed and called to the stand, and how that evidence would have undermined confidence in the outcome of the trial. Walters has not done this: he did not present affidavits from any of the missing witnesses, or otherwise demonstrate what evidence they would have given. That omission means that prejudice has not been established. See United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.1991); United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir.1990).
 
 
 3
 Before trial, Woodard met with Walters on only a few occasions. Let us suppose, as Walters insists, that there should have been more meetings. What would have occurred at these meetings? The state's case depended on the testimony of one witness--the undercover agent who bought the cocaine. Walters has not offered any reason to believe that more trial preparation would have led to a way to undermine Agent Holm's credibility. Perhaps Woodard could have spent additional time on dress rehearsals of Walters's cross-examination. He took the stand and lied when the prosecutor asked about his record of prior convictions. The prosecutor then showed that Walters had many more convictions than he had been willing to admit. Walters, who took an oath to testify truthfully and was tripped up when he did not do so, is in no position to blame his lawyer.
 
 
 4
 Actually, counsel may have spent too much time preparing Walters. During one of the meetings, Woodard gave Walters his only copies of the police reports. Come the trial, counsel did not have them handy to aid in cross-examining Holm. (It seems that Walters did not bring them to court.) Once again, it is hard to see how this made much difference given the nature of the dispute at trial. Prejudice has not been established, from this shortcoming or all combined.
 
 AFFIRMED
 
 
 *
 Walters named the Attorney General of Wisconsin as a second respondent. This is improper, and we have dismissed him as a party. Hogan v. Hanks, No. 94-2886 (7th cir. Sept. 30, 1996); Cruz v. Warden, 907 F.2d 665, 665 n. 1 (7th cir.1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts
 
 
 **
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)