124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carmen ROMAN, Petitioner-Appellant,
v.
Don Bosse, Respondent-Appellee.[1]
No. 96-3774.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 ORDER
 
 2
 Carmen Roman appeals the denial of her petition filed pursuant to 28 U.S.C. § 2254. She argues that the evidence at her state trial for aggravated arson was insufficient to support the conclusion that she failed to prove that she was insane at the time of the offense.
 
 
 3
 The district court cited Lindh v. Murphy, 93 F.3d 856 (7th Cir.1996) (en banc), for the proposition that the 1996 amendments to 28 U.S.C. § 2254(d) applied to Roman's petition--which was filed prior to the enactment of those amendments. This court's decision in Lindh was recently reversed in relevant part by the Supreme Court. Lindh v. Murphy, 65 U.S.L.W. 4557, 1997 WL 338568 (U.S. Jun. 23, 1997). Accordingly, the amended § 2254(d) does not apply in this case.[2]
 
 
 4
 However, the district court also looked to Jackson v. Virginia, 443 U.S. 307 (1979), in analyzing the sufficiency of the evidence. Despite Roman's well-prepared briefs on appeal, we agree with the district court's evaluation of the evidence and its conclusion that the evidence was sufficient to support Roman's conviction. Mem. and Order of Sept. 24, 1996, at 12-18.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Dan Bosse, the warden of the Logan Correctional Center (in which the appellant is incarcerated), is substituted for Odie Washington as a party in this case. See Cruz v. Warden, 907 F.2d 665, 665 n. 1 (7th Cir.1990)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Moreover, we note that even if the amended statute were applicable, the state court's ultimate determination about sufficiency of the evidence would be reviewed under § 2254(d)(1), and not under § 2254(d)(2) as the district court believed--although § 2254(d)(2) would be relevant to an assessment of the state court's factual determinations. Gomez v. Acevedo, 106 F.3d 192, 199 n. 7 (7th Cir.1997), petition for cert. filed (U.S. May 5, 1997) (No. 96-8978)